UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDRE R. ROGERS,

      Petitioner,

   -against-

SUPT. MARK BRADT,
      Respondent.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-2696 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On August 5, 2013, this court denied pro se Petitioner Andre Rogers's ("Petitioner" or

"Rogers") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Aug. 5, 2013,

Mem. & Order (Dkt. 27).) On June 5, 2014, Rogers filed a motion to vacate the court's denial of

his Petition pursuant to Federal Rule of Civil Procedure 60(b). (Mot. to Vacate (Dkt. 32).) On

June 27, 2014, Rogers submitted a supplemental letter-motion, requesting that the court stay his

motion to vacate or, in the alternative, permit him to amend his motion to vacate to include

additional arguments. (Ltr.-Mot. (Dkt. 33).) For the reasons discussed below, and construing the

motion to vacate to include the additional arguments raised in his supplemental letter-motion, the

motion is DENIED.

## I. BACKGROUND

The factual and procedural history of this case is set forth in greater detail in the court's

August 5, 2013, Memorandum & Order. (See Aug. 5, 2013, Mem. & Order at 1-7.) In brief, the

relevant background for current purposes is as follows.

On June 1, 2010, Rogers filed a pro se Petition for Writ of Habeas Corpus pursuant to 28

U.S.C. § 2254, challenging his convictions of first-degree robbery and possession of stolen

property in New York State court. (See Pet. (Dkt. 1); Aug. 5, 2013, Mem. & Order at 1-3.) In

his Petition, Rogers broadly raised three claims: (1) he received ineffective assistance of

appellate counsel; (2) he was denied an evaluation by an impartial psychiatric expert prior to trial; and (3) the trial court failed to respond to his concerns submitted in handwritten letters during pre-trial proceedings. He asserted several grounds for his ineffective assistance of appellate counsel claim, arguing that appellate counsel failed to argue that: (a) trial counsel provided ineffective assistance by conceding during opening statements that Petitioner committed third-degree robbery, contrary to Petitioner's wishes; (b) trial counsel provided ineffective assistance by failing to present testimony of Petitioner's acquaintance, Janice Walker; (c) the trial judge improperly interrupted Petitioner's testimony and questioned Petitioner in a manner that conveyed to the jury the judge's personal belief of Petitioner's guilt; (d) the trial judge improperly struck relevant portions of Petitioner's testimony; (e) trial counsel was conflicted because he relied on the trial judge for appointments; (f) trial counsel provided ineffective assistance when he took an adverse position subsequent to Petitioner's filing of a post-trial, pro se motion to set aside the verdict pursuant to New York Criminal Procedure Law ("C.P.L.") § 330.30; and (g) Petitioner was denied a fair trial due to the cumulative effect of the errors committed by both the trial judge and trial counsel. (Aug. 5, 2013, Mem. & Order at 12.)

Rogers also moved to add a claim that he received ineffective assistance of trial counsel. (Mot. to Amend (Dkt. 18); May 23, 2013, Ltr. (Dkt. 23); see Proposed Am. Pet. (Dkt. 23-1).)

The court denied the Petition. It held that although the three claims raised in Rogers's Petition were exhausted, and were not procedurally barred, they each failed on the merits. (See Aug. 5, 2013, Mem. & Order at 7, 12-25.) The court also denied Petitioner's motion to amend as both untimely and futile, and denied Petitioner a certificate of appealability. (Id. at 27 & n.5, 29.) Rogers filed a notice of appeal. (Not. of Appeal (Dkt. 29).) The Second Circuit

2

denied Petitioner's motion for a certificate of appealability and leave to appeal in forma pauperis, and it dismissed the appeal. (Mandate (Dkt. 30).)

Currently before the court are two new filings by Petitioner. First, on June 5, 2014, Rogers filed a motion to vacate the court's denial of his Petition pursuant to Federal Rule of Civil Procedure 60(b). (Mot. to Vacate.) Second, on June 27, 2014, Rogers submitted a supplemental letter-motion, requesting in primary part that the court either stay his motion to vacate, or permit him to amend his motion to vacate to include additional arguments. (Ltr.-Mot.)

The court GRANTS Petitioner's request to amend his motion to vacate to include the arguments he raises in his June 27, 2014, letter-motion, and construes the Rule 60(b) motion to include those arguments.[1]

## II.    DISCUSSION

### A.    Rule 60(b)

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005); see, e.g., Fed. R. Civ. P. 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect"); Fed. R. Civ. P. 60(b)(2) ("newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]"); Fed. R. Civ. P. 60(b)(3) ("fraud . . . , misrepresentation, or misconduct by an opposing party"). Additionally, Rule 60(b)(6)'s catch-all provision "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rule 60(b)(1)-(5)." Crosby, 545 U.S. at 528-29. Motions for reconsideration of a final judgment are "generally not favored," and are "properly granted only upon a showing of exceptional circumstances." Pichardo v. Ashcroft,

---

[1] As explained below, the court DENIES Petitioner's request to stay the motion to vacate.

374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). The party seeking relief has the burden of proving such circumstances. Id.

However, the Rule 60(b) analysis is further complicated in a habeas corpus proceeding. See generally, e.g., Savoca v. United States, No. 07-CV-2524 (LMS), 2015 WL 66531 (S.D.N.Y. Jan. 5, 2015) (describing interaction between Rule 60(b) and rules governing habeas cases). Specifically, the availability of Rule 60(b) is limited to the extent that it is consistent with the restrictions that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places on a state prisoner's ability to file second or successive applications under § 2254. See 28 U.S.C. § 2254(b); Crosby, 545 U.S. at 530-33.

The Supreme Court has explained that a Rule 60(b) motion in a habeas case "is treated as a successive habeas petition when it seeks to add a new ground for relief . . . [or] attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Crosby, 545 U.S. at 532; see also Harris v. United States, 367 F.3d 74 (2d Cir. 2004) (describing how a district court in the Second Circuit should approach a Rule 60(b) motion in a habeas proceeding); Rodriguez v. Mitchell, 252 F.3d 191 (2d Cir. 2001) (same). A Rule 60(b) motion is, in substance, a successive habeas petition if the movant attacks his underlying criminal conviction. See Crosby, 545 U.S. at 531; Harris, 367 F.3d at 77.

If Petitioner's Rule 60(b) motion is properly treated as a successive habeas petition, then the district court cannot consider it without authorization from the Second Circuit. Under AEDPA, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C.

§ 2244(b)(1). Before a district court may accept a successive filing, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider" it as presenting permissible claims. 28 U.S.C. § 2244(b)(3)(A). AEDPA's authorization requirement for second or successive habeas petitions is jurisdictional; district courts do not have any discretion to consider such petitions on the merits. Torres v. Senkowski, 316 F.3d 147, 149, 152 (2d Cir. 2003).

However, where a Rule 60(b) motion "attacks the integrity of a previous habeas proceeding," it should not be construed as a successive petition; instead, the district court should decide the motion on the merits, applying Rule 60(b)'s substantive standard. See Harris, 367 F.3d at 82. Where the Rule 60(b) motion attacks the underlying conviction, the district court has "two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which could it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" Id. (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)). Similarly, where a Rule 60(b) motion both challenges the integrity of a prior habeas proceeding and attacks the underlying conviction, the district court should take one of two approaches: (1) the court may inform the petitioner that it intends to transfer to the Second Circuit the portion of the motion characterized as a successive petition, and provide the petitioner "a sufficient opportunity to avoid the transfer by withdrawing" that portion of his motion; or (2) if the court denies as meritless the portion of the motion the court finds to come within the scope of Rule 60(b), it may also deny the balance of the motion as beyond Rule 60(b)'s scope. See Gitten, 311 F.3d at 534.

**B.     Application**

Construed liberally, see McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999),

Petitioner's motion to vacate raises the following arguments.

        1.     Procedure for Appointment of Trial Counsel

    Petitioner attacks the court's rejection of his ineffective assistance claim premised on

appellate counsel's failure to argue that trial counsel was conflicted because he relied on the trial

judge for appointments.  In rejecting this claim, the court had noted that "[n]othing in the record

suggests that the procedure by which trial counsel was appointed was improper, or in violation of

New York County Law, Article 18-B § 722, which establishes procedures for appointing counsel

for indigent defendants."  (Aug. 5, 2013, Mem. & Order at 20; see Mot. to Vacate at 3.)

Rogers contends, however, that the procedure by which his trial counsel was appointed was

improper, because the statutory caps set by Article 18-B § 772 "were held unconstitutional as

applied" in a February 5, 2003, decision by a New York State trial court.  (Mot. to Vacate at 4-5

(citing N.Y. Cnty. Lawyers' Ass'n v. State, 763 N.Y.S.2d 397 (Sup. Ct. 2003)).)  Rogers raises

two arguments in asking the court to reconsider its determination.

    First, Rogers argues that Respondent "either knew or should have known about [New

York County Lawyers' Association] and brought it to the court's attention" in connection with

his habeas proceeding, and that Respondent's "failure to have done so may constitute . . .

misrepresentation or misconduct by an opposing party."  (Mot. to Vacate at 5 (citing Fed. R. Civ.

P. 60(b)(3)).)  This presents an attack on the integrity of the prior collateral proceeding; however,

the claim fails on its merits.  Respondent was under no duty to locate or cite this case, where the

case does not bear on the substantive claim raised by Petitioner.  As an initial matter, New York

County Lawyers' Association does not constitute controlling federal law as determined by the

United States Supreme Court; it is a decision by a state court, dealing with a prospective (as opposed to retrospective) claim of ineffective assistance of counsel under New York state constitutional law, as well as federal law. See § 2254(d) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ."); N.Y. Cnty. Lawyers' Ass'n, 763 N.Y.S.2d at 779-80 & n.12 (noting New York's broad approach to the right to counsel).

Moreover, the decision in New York County Lawyers' Association is inapposite to the claim raised in Rogers's Petition. Rogers argued that his trial counsel was conflicted because counsel sought additional appointments, and thus desired to please the trial court. (See Aug. 5, 2013, Mem. & Order at 18-19.) New York County Lawyers' Assocation held, in sum, that too-low statutory compensation rates paid to appointed counsel had caused a shortage of such counsel; many attorneys refused to accept appointment or reduced the number of appointments they would accept because the rates were too low. 763 N.Y.S.2d at 776, 790. This in turn, created a "severe and unacceptably high risk that children and indigent adults [were] receiving inadequate legal representation in New York City in violation of the New York and United States Constitutions." Id. at 790. Whereas the state court opinion concerned the issue of trial attorneys refusing appointments, Rogers's ineffective assistance claim rested on the assumption that his trial counsel desired such appointments. Accordingly, there was no reason for Respondent to have brought this case to the court's attention, and his failure to have done so

7

cannot constitute "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The court thus DENIES this portion of Petitioner's Rule 60(b) motion.

Second, Rogers suggests that the court should have taken note of the state case in ruling on his Petition, but "inadvertently" failed to appreciate its import. (Mot. to Vacate at 5; see also id. at 4-5 (explaining that the case was mentioned in a footnote of a report prepared by the Commission of the Future of Indigent Defense Services for the Chief Judge of the State of New York, and that Rogers quoted from a different page of that report in his Petition); Ex. G to Mot. to Vacate (Dkt. 32-1) at 12 & n.27, 21; Pet. at 25.) This amounts to an attempt to relitigate the merits of his underlying claim; accordingly, this portion of his motion is properly construed as presenting a successive petition, and the court is barred from considering it here. See Crosby, 545 U.S. at 532 (holding that a motion styled as one for relief pursuant to Rule 60(b) is effectively a successive petition "if it attacks a federal court's previously resolution of a claim on the merits"); Marshall v. Keffer, No. 08-CV-3424 (NGG), 2013 WL 9894223, at *3 (E.D.N.Y. Nov. 9, 2013) ("One hallmark of a successive petition is the movant's reiteration of his or her original habeas arguments.").

### 2.     Newly-Discovered Case Law

Petitioner cites another decision of a New York State trial court, Rodriguez v. Prack, No. 2013-1378 (N.Y. Sup. Ct., Chemung Cnty.) (Ex. C to Mot. to Vacate (Dkt. 32-1)), which he recently discovered, and which he contends supports his claim that his trial counsel's strategy of conceding Petitioner's guilt of third-degree robbery—rather than presenting a psychiatric defense—was not reasonable. (Mot. to Vacate at 7.) This portion of his motion is also properly construed as a successive petition. Cf. Crosby, 545 U.S. at 530-32 (holding that a pleading that "contend[s] that a subsequent change in substantive law is a reason justifying relief," "although

8

labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly" (internal quotation marks omitted) (citing Fed. R. Civ. P. 60(b)(6))).

### 3. Denial of Motion to Amend

Petitioner argues that the court should reconsider its denial of his motion to amend in order to include a claim of ineffective assistance of trial counsel, for two reasons: First, an attorney that Petitioner retained for some period of time should have advised (but did not advise) Petitioner to include such a claim; and second, Petitioner is actually innocent because he could have made out the affirmative defense of insanity. (Mot. to Vacate at 9 (citing Britz v. Cowan, 192 F.3d 1101, 1103 (7th Cir. 1999); Jones v. Delo, 56 F.3d 878, 883 (8th Cir. 1995)).)

Petitioner's first contention here attacks the integrity of his habeas proceeding. A claim of ineffective assistance of counsel in connection with the habeas proceeding is analyzed under Rule 60(b)(6). See Harris, 367 F.3d at 80-82. Because there is no constitutional right to habeas counsel, Coleman v. Thompson, 501 U.S. 722, 752-73 (1991), the standard for application of Rule 60(b)(6) on such a claim is extremely high: Petitioner "must show that his lawyer agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all." Harris, 367 F.3d at 81.

Petitioner does not include much information regarding this purported ineffective assistance in his motion to vacate. It appears from briefing submitted in connection with the original habeas proceeding that he retained counsel during the pendency of his pro se motion to vacate the judgment of conviction under C.P.L. § 440.10, which he filed in state court in January 2008. (See July 5, 2013, Ltr. (Dkt. 25) at 6-7.) Petitioner appears to have retained counsel sometime after that motion was filed in January 2008, and before it was denied in August 2008. (See id. at 7; Ex. E to Mot. to Vacate (Dkt. 32-1) (July 22, 2008, letter from

retained counsel to Petitioner).) Rogers reports that his retained counsel never filed his application for leave to appeal the denial of his section 440.10 motion to the Appellate Division, Second Department, and he was "forced to do it" himself. (July 5, 2013, Ltr. at 7; see Aug. 5, 2013, Mem. & Order at 6.) Petitioner's retained counsel was subsequently sanctioned by the State of New York Grievance Committee of the Ninth Judicial District with an "ADMONITION . . . for having neglected a legal matter entrusted to him and for having engaged in conduct involving misrepresentation." (Ex. F. to Mot. to Vacate (Dkt. 32-1); July 5, 2013, Ltr. at 7.)

Notwithstanding retained counsel's misconduct in connection with the section 440.10 appeal, it is unclear how this had any effect on Rogers's subsequent federal habeas proceeding in this court. Subsequent to the attorney's misconduct, Rogers filed pro se his application for leave to appeal as well as a second motion for a writ of error coram nobis, before he filed his Petition here. (Aug. 5, 2013, Mem. & Order at 6-7.) Rogers then timely filed his original Petition, and he acknowledges that he knew at that point that the attorney at issue had previously expressed "enthusiasm about" "the ground of ineffective assistance of trial counsel." (Mot. to Vacate at 9; see also Ex. E to Mot. to Vacate.) Accordingly, Rogers could have included the claim in the original Petition as readily as he included it in his motion to amend. Moreover, Rogers's case was apparently abandoned by his retained counsel almost two years before he instituted this proceeding—he learned that his attorney had failed to file the motion for leave to appeal on November 10, 2008; and he filed his Petition on June 1, 2010. (Ex. Y to Decl. in Opp'n to Pet. (Dkt. 10-4) (Aff. in Supp. of Mot. for Ext. of Time to File Mot. for Leave to Appeal) ¶ 26; Pet.) With respect to Rogers's Petition, it cannot be said that the attorney "agreed to prosecute a habeas petitioner's case, abandoned it, and consequently deprived the petitioner of any

10

opportunity to be heard at all," Harris, 367 F.3d at 81, where it seems that the retained counsel did not agree to do anything with respect to this proceeding at all.

Petitioner's second contention—that the court should excuse the untimeliness of his motion to amend because he is actually innocent, on the grounds that he could have made out a successful affirmative defense of insanity—repeats an argument he raised in his original habeas proceeding. (See Mot. to Amend at 4; July 5, 2013, Ltr. at 8.) See Rivas v. Fischer, 687 F.3d 514, 517-18, 539-50 (2d Cir. 2012) (holding that "a credible and compelling showing of actual innocence . . . warrants an equitable exception to AEDPA's limitation period"). Because this does raise a procedural challenge to the prior ruling, Crosby, 545 U.S. at 532 n.4 (explaining that a petitioner is not "making a habeas corpus claim . . . when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"), the court will consider it here. However, this claim fails on the merits, because Petitioner has not shown that it is more likely than not that, had he undergone additional psychiatric evaluation, no reasonable juror would have convicted him. See Schlup v. Delo, 513 U.S. 298, 327 (1995); Murden v. Artuz, 497 F.3d 178, 194 (2d Cir. 2007). As the court has previously explained:

> The court is not persuaded by Rogers's conclusory claim that additional psychiatric evaluation would have impacted the case. Rogers admitted at trial that he was aware of his actions at the time of the bank robbery. (Trial Tr. at 252.) And while in custody prior to trial, Rogers was examined by psychologists on two separate occasions. His claim that these practitioners were biased is conclusory and lacks evidentiary support.

(Aug. 5, 2013, Mem. & Order at 24.)

Moreover, even if any of the grounds presented in the current motion might cause the court to excuse the untimeliness of his motion, the court also denied Petitioner's motion to

11

amend on the alternative grounds that it was futile, as the ineffective assistance of trial counsel claim failed on the merits. (Aug. 5, 2013, Mem. & Order at 27 n.5.) Accordingly, the court DENIES this portion of Petitioner's Rule 60(b) motion.

### 4. Newly-Discovered Evidence

Petitioner contends that he has discovered new evidence that he was "deprived of [his] right to a full and fair determination of [his] mental capacity to stand trial when [the trial court] failed to follow procedures established by C.P.L. § 730.10 et seq. for determining a defendant's competency to stand trial; as these procedures are not discretionary once the court makes a preliminary determination that a defendant may be incapacitated." (Ltr.-Mot. at 3.) This portion of his motion is properly construed as a successive petition.[2] See Crosby, 545 U.S. at 530-31 (holding that a pleading that "seek[s] leave to present 'newly discovered evidence,' in support of a claim previously denied," should be treated as a successive petition).

\*      \*      \*

Petitioner appears to recognize that certain of the arguments raised in his motion to vacate may present a successive petition: In connection with his claim of newly-discovered evidence, he states that "[i]f the issue constitutes a second or successive habeas corpus, then I respectfully request this Court to not review the issue; as, I do not wish to be procedurally barred." (Ltr.-Mot. at 5-6.) The court construes this as a request to withdraw any portion or portions of his motion that constitute a successive petition, and it hereby GRANTS that request. Accordingly, the court will not transfer those portions of his motion to the Second Circuit. Cf. Gitten, 311 F.3d at 534.

---

[2] Because the court cannot consider this claim, it DENIES Petitioner's motion to stay the consideration of his motion to vacate for the purpose of any exhaustion of the claim in state court. (See Ltr.-Mot. at 5.) The court also DENIES Petitioner's request for the appointment of counsel. (See id.)

12

## III.    CONCLUSION

For the reasons stated above,

(1) Petitioner's motion to stay the consideration of his motion to vacate (Dkt. 33) is DENIED;

(2) Petitioner's motion to amend his motion to vacate (Dkt. 33) is GRANTED;

(3) Petitioner's motion for the appointment of counsel in connection with his motion to vacate (Dkt. 33) is DENIED;

(4) Petitioner's motion to withdraw those portions of his amended motion that would constitute a second or successive petition (Dkt. 33) is GRANTED; and

(5) Petitioner's motion to vacate (Dkt. 32)—his successive habeas claims withdrawn therefrom—is DENIED.

A certificate of appealability will not issue because Petitioner has not shown "that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (per curiam). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
     June 3, 2015

NICHOLAS G. GARAUFIS
United States District Judge